**ASHBRITT, INC.**, a Florida corporation,

    Plaintiff,

v.

**BI-JIM CONSTRUCTION CO., INC.**,

    Defendant.

_____/

**THIS CAUSE** comes before the Court on Defendant Bil-Jim Construction Co., Inc.'s ("Bil-Jim") Motion to Transfer Venue [ECF No. 7], pursuant to 28 U.S.C. § 1404(a). The Court has carefully reviewed the briefs, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the motion shall be denied.

## I. BACKGROUND

In this removal action, Plaintiff Ashbritt, Inc. ("Plaintiff" or "Ashbritt"), filed a Complaint for Declaratory Relief and Damages against Bil-Jim ("Complaint") [ECF No. 1-1]. Ashbritt is a contractor that provides recovery and environmental clean-up services after national disasters. Following Hurricane Sandy, Ashbritt and Bil-Jim entered into a Subcontract Agreement ("Agreement") [ECF No. 1-1, pp.14-44] for Bil-Jim to perform debris clean-up in Ocean County, New Jersey. Section 15.4 of the Agreement contains a forum selection clause and choice of law provision which states in pertinent part:

> With respect to any litigation, this Agreement shall be construed and governed by the laws of the State of Florida, without giving effect to any choice or conflict of law provision or rule. The **sole and exclusive venue** for any suit, action or proceeding of any kind arising out of, relating to, to interpret or for breach of this Agreement, or with respect to the Subcontract Work (a "Related

1

Proceeding") shall only be in the courts of Broward County, Florida, federal or state. Each of the parties irrevocably consents and submits to the exclusive subject matter and personal jurisdiction of the courts of the State of Florida located in Broward County, and of the United States District Court for the Southern District of Florida located therein for the purposes of a Related Proceeding, and the parties irrevocably waive, to the fullest extent they may effectively do so, (i) any objection they may have to the laying of venue of any Related Proceeding in the Courts of Broward County, Florida, federal or state, (ii) any objection they may have to personal jurisdiction in any Related Proceeding in the Courts of Broward County, Florida, federal or state, and (iii) the defense of any inconvenient forum to the maintenance of any Related Proceeding in the Courts of Broward County, Florida, federal or state.

On or about November 9, 2015, Bil-Jim employees brought a class action against it in the United States District Court for the District of New Jersey (the "NJ Lawsuit") seeking damages for unpaid wages for work performed under the Agreement pursuant to the New Jersey Prevailing Wage Act (the "PWA"). *See Wall v. Bil-Jim Construction, et al*, Case No.: 3:15-cv-08982(PGS)(TJB). The plaintiffs in the NJ Lawsuit later added Ashbritt as a defendant, alleging that Ashbritt, along with Bil-Jim, were jointly and severally liable for Bil-Jim's alleged failure to pay wages under the PWA. Ashbritt denied liability in the NJ Lawsuit and requested indemnification from Bil-Jim pursuant to Sections 9.1 and 10.1 of the Agreement. After Bil-Jim refused to defend and indemnify Ashbritt in the NJ Lawsuit, Ashbritt filed the instant action seeking a declaratory judgment that it is entitled to defense and indemnification from Bil-Jim in connection with the NJ Lawsuit, that it has no obligation to indemnify Bil-Jim in the NJ Lawsuit, and that Bil-Jim's actions have breached the Agreement entitling Ashbritt to recover damages incurred in the NJ Lawsuit.

Bil-Jim has moved to transfer venue from this Court to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) arguing that this action involves the same facts and parties involved in the pending NJ Lawsuit. Bil-Jim argues that the interests of justice favor transfer to the District Court of New Jersey in order to coordinate this action with the NJ Lawsuit, prevent

the duplication of discovery, and promote judicial economy. Bil-Jim argues that the interests of judicial economy trump the Agreement's forum selection clause, and weigh heavily in favor of transfer.

## II.     DISCUSSION

### A.     Standard of Law

The statute governing venue transfer, 28 U.S.C. § 1404(a), provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." This analysis requires a two-pronged inquiry. First, a court must determine whether the case may have been brought in the desired district of transfer. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). This question depends on whether Bil-Jim is subject to jurisdiction in New Jersey, whether venue is appropriate in the District of New Jersey, and whether Bil-Jim is amenable to service of process in New Jersey. *See id.* Because the parties do not dispute that this action could have been brought in the District of New Jersey, the Court turns to a discussion of the second prong.

"Once a court finds an action could have been brought in the transferee forum, the court must weigh various factors . . . to determine if a transfer . . . is justified." *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (citation and internal quotation marks omitted). The Eleventh Circuit instructs that a district court should generally consider the following private and public interest factors to determine whether a transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a

3

forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). When there is a valid forum-selection clause, the court's analysis changes in three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) the court "should not consider arguments about the parties' private interests"; and (3) the choice-of-law rules of the original venue are not transferred to the new venue—"a factor that in some circumstances may affect public-interest considerations." *Id.* at 581–82; *see also GDG Acquisitions, LLC v. Government of Belize*, 849 F.3d 1299, 1304 (11th Cir. 2017) ("[a] binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum.") (citations omitted). "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582 (citations omitted).

The resolution of this motion, therefore, involves two steps. First, the Court must determine whether the forum-selection clause at issue is valid. *See id.* at 581 n.5. If the forum-selection clause is valid, the Court must then apply the modified analysis from *Atlantic Marine* outlined above. Because the parties do not dispute that a valid forum selection clause governing this action exists, the Court turns directly to the modified *Atlantic Marine* analysis.

## B. Analysis of Public Interest Factors

What remains to be determined under the modified *Atlantic Marine* analysis is whether the public interest factors weigh in favor of this action remaining in the Southern District of Florida or proceeding in the District of New Jersey. Those factors include the following:

> the administrative difficulties flowing from court congestion; the local interest in have localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury[1] duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

Here, the public interest factors weigh in favor of this action remaining in the Southern District of Florida. While the NJ Lawsuit involves issues concerning the payment of wages arising under New Jersey law, the contractual indemnity issues to be resolved in this action will be governed by Florida law. Indeed, the indemnity issues present in the instant action are based solely on a contractual interpretation of the Agreement, and are wholly unrelated to the issues affecting liability in the NJ Lawsuit. As such, the Court is unpersuaded by Bil-Jim's contention that litigating this action in this forum will duplicate discovery and waste judicial resources.

Regarding the value of having local controversies litigated locally, the Court finds that there would be value in having a Florida court adjudicate a controversy brought by a Florida corporation that is governed by Florida law. The administrative difficulties flowing from court congestion may weigh in favor of transfer, given that "the Southern District of Florida has one of the busiest dockets in the country." *Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1379 (S.D. Fla. 2011). However, "this factor generally does not warrant significant consideration in the *forum non conveniens* analysis, and the Court does not accord it much weight." *Id.* at 1379–

---

[1] Bil-Jim does not dispute Ashbritt's contention that this factor is irrelevant because the parties waived their rights to a jury trial in the Agreement.

80. In sum, there is no indication that this is one of the "unusual cases" in which the public factors outweigh a valid forum-selection clause. *Atl. Marine*, 134 S. Ct. at 582.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Transfer Venue [ECF No. 7] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of May, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE